Filed: May 8, 2015

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER - CRIMINAL/GRAND JURY

_____

No. 15-4111,   <u>US v. Ali Saboonchi</u>
              8:13-cr-00100-PWG-1

Briefing shall proceed on the following schedule:

_____

Appendix due: 06/12/2015

Opening brief due: 06/12/2015

Response brief due: 07/06/2015

Reply brief permitted within 10 days of service of response brief.

_____

The briefs and appendix must conform to the [Fourth Circuit Brief & Appendix Requirements](#) (available as a link from this order and at [www.ca4.uscourts.gov](http://www.ca4.uscourts.gov)). All parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d).

Failure to file an opening brief within the scheduled time may lead to imposition of sanctions against court-appointed counsel or dismissal of the case pursuant to Local Rule 45 for failure to prosecute; failure to file a response brief will result in loss of the right to be heard at oral argument. The court discourages motions for extension of time and grants extensions of the briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.

Pursuant to Local Rule 34(a), the court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that

the case has been tentatively calendared for a specific court session approximately two months in advance of the session.

Anders Procedures: If defendant's counsel finds no appealable issue and therefore intends to file a brief under Anders v. California, 386 U.S. 738 (1967), the following procedures apply:

    (1) If the Anders brief is being filed in a consolidated case in which co-defendants are not proceeding under Anders, counsel must prepare a separate opening brief and move to deconsolidate the Anders appeal.

    (2) An Anders brief that simply states there are no appealable issues is insufficient--rather, counsel's opening brief must identify any arguable issues with appropriate record citations and state, in a brief discussion with case citation, why such issues lack merit.

    (3) Because counsel must review the entire record in an Anders appeal, counsel must order all transcript in the case, including pre-trial, trial, guilty plea, and sentencing proceedings. It is not necessary to order arraignments, bail hearings, voir dire, or opening and closing arguments unless those portions of the record might support an arguable issue on appeal. Since the court must review the entire record, an appendix is unnecessary, and copying expenses for an Anders appendix are not recoverable under the Criminal Justice Act, although the costs for providing transcripts to the defendant are reimbursable.

    (4) Counsel must file a **certificate of service of Anders brief** on defendant, stating that the defendant has been provided with a copy of the Anders brief and advised of his right to file a supplemental pro se brief within 30 days. If the defendant is not English-speaking, the certificate must also state that the substance of the Anders brief and the right to file a supplemental pro se brief have been communicated to the defendant in a language the defendant understands. CJA counsel must obtain court authorization based upon the estimated costs of necessary interpreter or translator services before securing such services under the Criminal Justice Act.

The Anders procedures do **not** apply to hybrid briefs in which counsel raises meritorious issues as well as Anders issues, and counsel filing a hybrid brief should **not** advise his client that he has a right to file a pro se supplemental brief.

                                    /s/ PATRICIA S. CONNOR, CLERK
                                    By: Richard H. Sewell, Deputy Clerk